# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| SYLACAUGA HOUSING AUTHORITY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Case No. 1:20-cv-00029-SGC |
| DANIELL WOMACK, | ) <br> ) |
| Defendant. | ) |

## ORDER

Heather Mueller, Nicole Daniels, and Daniell Womack filed this action against the Sylacauga Housing Authority ("SHA") in January 2020, asserting claims for retaliation in violation of both the False Claims Act ("FCA") and the Fair Housing Act ("FHA"). (Doc. 1). After answering the complaint in February 2020, SHA moved for leave to amend its answer to include a counterclaim for breach of contract and conversion. (Docs. 9, 23). That motion was granted. (Doc. 31). SHA filed its amended answer and counterclaim in August 2020, and the plaintiffs/counter-defendants answered the counterclaim later that month. (Docs. 33, 35). Neither party demanded a jury on the issues raised in SHA's counterclaim.

SHA subsequently moved for summary judgment on all claims brought by the plaintiffs, and in September 2022, the court entered summary judgment in its favor on all claims brought by the plaintiffs. (Docs. 55—64; 66). The plaintiffs did not seek

summary judgment on SHA's state law counterclaim, and so the court requested the parties submit arguments and authority over whether it should exercise supplemental jurisdiction over the counterclaim. (Doc. 66). Following review of the parties' submissions, the court decided to exercise supplemental jurisdiction and set this case for a December 2022 trial. (Docs. 67—69). SHA's claims against Ms. Mueller and Ms. Daniels have now been dismissed by separate order. (Doc. 82). Only SHA's counterclaim against Ms. Womack remains pending.

The court held a pretrial conference on Tuesday, November 15, 2022. Brandi Frederick appeared for SHA and Anthony Michel appeared for Ms. Womack. Per prior order of the court, Ms. Womack also appeared via videoconference. This order memorializes the court's orders and other instructions given during the pretrial conference.

1. **Realignment of the parties**: Because only its counterclaim against Ms. Womack remains, SHA orally moved to realign the parties to reflect it as the plaintiff. That motion is **GRANTED**. Defendant/counter-plaintiff SHA will be the sole plaintiff, and plaintiff/counter-defendant Womack will be the sole defendant. The case caption is **AMENDED** to reflect this realignment, as set forth in the caption appearing above. The parties are **DIRECTED** to use the above style for all pleadings and motions in this case going forward.

2. **Trial**: Because neither party requested a jury on the remaining issues

before the court, this case is **SET** for a bench trial before the undersigned on **Monday, December 12, 2022**, at **9:00 AM** at the **Hugo L. Black Courthouse** in **Birmingham, Alabama**. As noted during the pretrial conference, as a party defendant, Ms. Womack must attend the trial in person. SHA must also have a representative attend in person.

    3.    **Pretrial deadlines**: During a November 14, 2022 telephone conference, the parties requested the court extend the deadline to submit the proposed pretrial order. The court instructed the parties to submit their proposed pretrial order by the end of the week. Accordingly, the parties **SHALL** submit their joint proposed pretrial order via email to chambers (cornelius_chambers@alnd.uscourts.gov) no later than 5:00 p.m. on **Friday, November 18, 2022**. As discussed during the pretrial conference, the proposed pretrial order should reflect the following deadlines:

    a. **November 28, 2022**

        i. Witness and exhibit lists

        ii. A list itemizing damages

        iii. Joint memorandum of law

        iv. Any motions in limine

    b. **December 5, 2022**

        i. Objections to proposed witnesses and exhibits

Upon receipt and review of the parties' proposed pretrial order, the court will enter a formal pretrial order.

4. **Unresolved motion for sanctions**: On October 13, 2021, the court granted in part SHA's motion for sanctions relating to Ms. Womack's failure to attend her September 27, 2021 deposition. (Doc. 54). The court ordered Ms. Womack to attend an in-person deposition on November 11, 2021, and reserved resolution of the balance of SHA's request for sanctions until the deposition concluded. (Doc. 54). Under Federal Rule of Civil Procedure 37(d)(3), the court must order Ms. Womack to pay SHA its reasonable expenses, including attorney's fees, unless it finds her failure to appear at her deposition was substantially justified or other circumstances make an award of expenses unjust. The court will take evidence and hear argument regarding this issue following the conclusion of the December 12 trial. To the extent SHA wishes to file a written submission on the issue of sanctions, it may do so on or before **December 2, 2022**. Any response from Ms. Womack may be filed on or before **December 7, 2022**. Briefs on this issue are limited to 10 pages.

5. **Mediation**: The parties may request, via email to chambers, mediation by another U.S. magistrate judge. Any such request must be made no later than November 18, 2022.

**DONE** this 15th day of November, 2022.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE