FILED

2022 Nov-28  PM 06:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| SYLACAUGA HOUSING AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00029-SGC |
| | ) | |
| DANIELL WOMACK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MEMORANDUM OF LAW

Pursuant to the Court's Order (Doc. 83), the Parties submit this Joint Memorandum of Law applicable to the claims to be tried at the December 12, 2022 Trial.

The claims to be tried at the bench trial of this matter are SHA's Alabama state law claims for breach of contract and conversion, over which this Court decided to exercise supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

In addition to Alabama Courts' explanation of the applicable common law related to breach of contract and conversion claims, and despite that this is a bench trial, the Parties also submit applicable Alabama Pattern Jury Instructions, which distill the claims into their respective elements for consideration by the trier of fact.

Thus, this Joint memorandum is organized by reference to Alabama cases outlining the elements of each claim, followed by the Alabama Pattern Jury Instructions for each claim and damages related thereto.

A.   **Breach of Contract**:

1.   <u>Applicable case law</u>:

The Alabama Supreme Court has stated the elements of a breach of contract claim as follows:

> To establish a breach of contract claim, a plaintiff must prove: '(1) the existence of a valid contract binding the parties in the action, (2) [his] own performance under the contract, (3) the defendant's nonperformance, and (4) damages.' *Congress Life Ins. Co. v. Barstow,* 799 So.2d 931, 937 (Ala.2001).

*Ex parte Am. Heritage Life Ins. Co.*, 46 So. 3d 474, 477 (Ala. 2010).

For a contract to be valid, a crucial element is a meeting of the minds on all of the essential terms. *Sunnyland Mobile Homes, Inc. v. Thompson*, 384 So. 2d 1111, 1112 (Ala. Civ. App. 1980).

2.   <u>Alabama Pattern Jury Instructions</u>:

**<u>APJI 1.33 Breach of Contract</u>**

Plaintiff SHA says that it and Defendant Womack had a contract – an Employee Confidentiality Agreement, and that Womack breached the contract by (i) failing to promptly return SHA's cell phone, tablet, and laptop, (ii) deleting SHA's confidential data on SHA's cell phone issued to Womack, (iii) locking the

tablet rending SHA's data inaccessible on the tablet issued to Womack, (iv) continuing to use SHA's data on the laptop after termination of her employment with SHA; (v) deleting SHA data from the laptop; (vi) attempting to access SHA's network after her termination; and (vii) copying SHA data from the laptop and caused SHA harm.  Womack denies she breached the contract.

You must decide:

1.	Did the parties have a contract;

2.	If so, did SHA do the things the contract required it to do; and

3.	Did Womack fail to do something the contract required her to do.

If you find these three issues for SHA, you must then decide whether it was harmed by Womack's breach.  If SHA was harmed, you must decide what amount of money will fairly and reasonably compensate it for the harm.

## **APJI 10.00 Introduction**

Plaintiff SHA says that it and Defendant Womack entered into a contract for Employee Confidentiality.

SHA says that Womack breached or broke this contract by (i) failing to promptly return SHA's cell phone, tablet, and laptop, (ii) deleting SHA's confidential data on SHA's cell phone issued to Womack, (iii) locking the tablet rending SHA's data inaccessible on the tablet issued to Womack, (iv) continuing to use SHA's data on the laptop after termination of her employment with SHA;

(v) deleting SHA data from the laptop; (vi) attempting to access SHA's network after her termination; and (vii) copying SHA data from the laptop.

Womack denies the claims against her. Womack also asserts the affirmative defenses listed in her Answer to Counterclaims, Doc. 35. Defendant reserves the right to assert each affirmative defense set forth in her Answer to Counterclaims.

## APJI 10.47 Good Faith and Fair Dealing

Good faith and fair dealing are required of all parties to a contract. This means the parties must cooperate with each other so that each may obtain the full benefit of the contract.

## APJI 10.01 Elements of Contract

Plaintiff SHA says that the parties had a contract. A contract is an agreement to do or not to do a certain thing.

To prove there was a contract SHA must prove to your reasonable satisfaction all of the following:

That there was an offer;

That there was an acceptance;

That there was consideration; and

That there was mutual assent to the terms.

**APJI 10.02 Offer**

An offer proposes the terms of a contract to the other party.  The party making the offer must intend to the bound by its terms, if the proposal is accepted.

**APJI 10.03 Acceptance**

An acceptance of an offer is a statement of conduct showing that the party agrees to all the terms of the offer and intends to be bound by those terms.

**APJI 10.04 Consideration**

Consideration for a contract is:

Anything of value promised or received; or

Doing or promising to do something which one has a right to do; or

Promising not to do something which one has a right to do.

**APJI 10.05 Mutual Assent**

Mutual assent means that all parties to the contract understood and accepted all the essential terms of the contract.  Mutual assent is sometimes referred to as a meeting of the minds.

**APJI 10.13 Action for Breach - Elements**

A contract is breached or broken when a party does not do what she promised to do in the contract.  To recover damages from Womack for breach of contract, SHA must prove to your reasonable satisfaction all of the following:

1.      That SHA and Womack entered into a contract;

2.      That SHA did the things that the contract required it to do;

3.      That Womack failed to do something that the contract required her to do; and

4.      That SHA was harmed by that failure.

If SHA proves all these things, you must find for it and then you must decide how much money will reasonably compensate SHA.  IF SHA does not prove all these things, you must find for Womack.

## APJI 10.36 Damages – General Rule

If you decide that Plaintiff SHA proved its claim against Defendant Womack for breach of contract, you also must decide how much money will reasonably compensate SHA for the harm caused by the breach.  This compensation is called "damages." The purpose of such damages is to put SHA in as good a position as it would have been if Womack had not broken the contract.

## APJI 10.37 Prejudgment Interest on Damages for Breach

If you are reasonably satisfied that Plaintiff SHA is entitled to recover because Defendant Womack broke the contract and you have arrived at the amount of your award, you should then determine the date SHA was entitled to the damages arrived at by you and then add interest at the rate of 6% per annum from that date to today's date.

**APJI 10.47 Good Faith and Fair Dealing**

Good faith and fair dealing are required of all parties to a contract.  This means the parties must cooperate with each other so that each may obtain the full benefit of the contract.

**APJI 10.48 Time for Performance**

If a contract does not state a specific time for the parties to do what they promised, then they must do it within a reasonable time.  What is a reasonable depends on the facts of each case, including the subject matter of the contract, the reasons why each party entered into the contract and the intentions of the parties at the time they entered the contract.  Whether an act was performed in a reasonable time is for you to decide.

**APJI 11.01 Compensatory Damages**

Compensatory damages are awarded to fairly and reasonably compensate for the harm caused by another's wrongful conduct.

**APJI 11.34 Personal Property**

SHA says its cell phone, tablet, and laptop was harmed because of Womack's conduct.

The measure of damages is the difference between the reasonable market value of the cell phone, tablet, and laptop immediately before the harm and [each device's] reasonable market value immediately after the harm.

You must decide if Womack's conduct harmed the property.  If it did, you must then determine the difference, if any, between the reasonable market value of the property immediately before the harm and the reasonable market value immediately after the harm.

## APJI 9.15 Damages Breach of Contract

Damages for breach of the agreement should return SHA to the position it would have been in had Womack fully performed the agreement. These damages are generally those that flow naturally from the breach.

## APJI 9.17 Nominal Damages

Nominal Damages are a small amount of money you will award SHA if you are reasonably satisfied from the evidence:

1.     Womack breached the agreement;

2.     The breach caused SHA harm; but,

3.     SHA did not prove the amount you should award.

A nominal damage award is, for example, $1.00.

B.     Conversion:

Alabama law governs claims for conversion.  The Alabama Courts have held:

> "To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property. The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where the plaintiff has a

general or special title to the property or the immediate
right to possession."

*Ex parte SouthTrust Bank of Alabama, N.A.,* 523 So.2d 407, 408
(Ala.1988), citing *Ott v. Fox,* 362 So.2d 836 (Ala.1978); see *Keith v.
Witt Auto Sales, Inc.,* 578 So.2d 1269 (Ala.1991); see, also *Yarbrough
v. Williams,* 533 So.2d 565 (Ala.1988); *Allstate Enterprises, Inc. v.
Alexander,* 484 So.2d 375 (Ala.1985); *Sadie v. Martin,* 468 So.2d 162
(Ala.1985); and *National Surety Corp. v. Applied Systems, Inc.,* 418
So.2d 847 (Ala.1982).

*Stallworth v. Cont'l Real Est. Mgmt., Inc.*, 582 So. 2d 534, 536 (Ala. 1991).

For converted property that defendant has returned, the Alabama Courts have

held:

"[T]he fact that [the plaintiff] recovered the property prior
to the suit should in no way affect his right to bring an
action for conversion. That tort is complete when the
chattel is converted. A recovery of the property does not
amount to a waiver of any right of recovery for conversion.
This appears to be the rule whether the property is
surrendered voluntarily or through resort to legal action.
*See* Prosser On Torts, 3rd Ed., p. 98, 1964, where it is said:

" 'In any case, return of the chattel, whether
consented to by the plaintiff or compelled by
the court, does not bar the action, but goes
merely to reduce the damages.' "

(Emphasis added.) *See Brown v. Campbell*, 536 So.2d 920 (Ala.1988);
*Simmons Machinery Co. v. M & M Brokerage, Inc.*, 409 So.2d 743
(Ala.1982); and *Coffee General Hospital v. Henderson*, 338 So.2d 1022
(Ala.Civ.App.1976).

*Stallworth v. Cont'l Real Est. Mgmt., Inc., 582 So. 2d 534, 537 (Ala. 1991).*

## APJI 39.00 General Definition (Conversion)

A conversion is:

1.   The appropriation of the personal property of one person by another to her own use and benefit; or,

2.   By destruction of one's personal property by another; or,

3.   The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,

4.   Withholding the possession of personal property from the owner by another under a claim of title inconsistent with the owner's title.

## APJI 39.01 Burden of Proof

In answer to the Plaintiff's claim that the defendant converted the property of the plaintiff the defendant has denied the allegations in the complaint.

The burden of proof is on the Plaintiff to reasonably satisfy you from the evidence that the defendant converted the property of the plaintiff as defined for you.

## APJI 39.02 Measure of Compensatory Damages

The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion; or if the property is the type that fluctuates in value the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six per cent 6% per annum from the date of the conversion.

If you are reasonably satisfied that the plaintiff has proven the defendant converted the plaintiff's property, the plaintiff would further have to prove to your reasonable satisfaction the amount of compensatory damages.

## APJI 39.03 Damages-Punitive

Instruct using APJI 11.03.

## APJI 11.03 Punitive Damages

Punitive damages are awarded to a plaintiff to punish a defendant for her wrongful conduct, and to protect the public by deterring or discouraging the defendant and others from doing the same or similar wrongs in the future.

Before you can award punitive damages (1) you must have decided to award SHA compensatory or nominal damages; and (2) SHA must have proved by clear and convincing evidence that Womack consciously or deliberately acted toward SHA with oppression, fraud, wantonness, or malice.

Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction about each element of the claim and a high probability that your conclusion is correct.

Proof by clear and convincing evidence requires a level of proof greater than proof to your reasonable satisfaction from the evidence or the substantial weight of the evidence, but it is less than proof beyond a reasonable doubt.

Oppression means causing a person to undergo cruel and unjust hardship in knowing disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of an important fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed by the defendant with the intention of depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness is conduct that is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice is the intentional doing of a wrongful act without just cause or excuse, either:

1.   With an intent to injure the person or property of another person or entity, or

2.   Under circumstances that the law will imply an evil intent.

Whether you award punitive damages is up to you.  If you do, the amount of the award is determined by the character and degree of Womack's wrongful conduct, and the necessity to prevent the same or similar wrongful conduct by the defendant and others in the future.

## APJI 39.05 Return of Property – Mitigation of Damages

If you are reasonably satisfied from the evidence that the defendant converted the plaintiff's property and you are further reasonably satisfied from the evidence

that the property was returned to the plaintiff prior to trial, the return of such property does not amount to a waiver of any rights to recovery by the plaintiff, but may be considered by you in mitigation or reduction of the plaintiff's damages.

## APJI 11.22 Damages Other Than Personal Injury

SHA also asks for damages for the following:

Property damage – the tablet was returned locked and SHA is unable to use or otherwise access data on the tablet

Loss of use of the cell phone until it was returned on February 25, 2020, and throughout the duration of the litigation due to its being in the possession of SHA's expert who had to analyze the phone.

Loss of use of the tablet forever as it is inaccessible and any data on it irretrievable.

Loss of use of the laptop until it was returned on January 21, 2021, and throughout the duration of the litigation due to its being in the possession of SHA's expert who had to analyze the laptop.

Womack denies the claims against her.  Womack also asserts the affirmative defenses listed in her Answer to Counterclaims, Doc. 35. Defendant reserves the right to assert each affirmative defense set forth in her Answer to Counterclaims.

Respectfully submitted on this 28th day of November, 2022.


s/ *Brandi B. Frederick*                          s/ _____

Richard W. Lewis (ASB-1812-L75R)          Anthony D. Michel (ASB-6809-O64M)
Brandi B. Frederick (ASB-4725-B59B)         Attorney for Daniell Womack
Attorneys for Sylacauga Housing
Authority                                                   OF COUNSEL:

OF COUNSEL:                                          Wrady Michel & King
                                                               505 20th Street
Austill Lewis Pipkin & Maddox, P.C.          Suite 1650
600 Century Park South, Suite 100            Birmingham, AL  35203
Birmingham, AL 35226                           anthony@wmalabamalaw.com
(205) 870-3767 phone
(205) 870-3768 fax
bfrederick@maplaw.com